Di Giovanna, J.
The plaintiffs are husband and wife, sixty-three years of age and fifty-three years of age, respectively. The husband sustained an oblique linear diffused fracture measuring about twelve centimeters in length, involving the posterior portion of the right parietal bone and extending inferiorly to involve the left superior half of the left occipital bone and terminating at the inferior posterior portion of the left parietal bone. According to the medical affidavit there was a degree of bony absorption at the fracture line. In addition, he sustained an irregular transverse fracture of the distal extremity of the right fibula. He is required to wear a boot cast on the right foot and lower right leg. Since his return home from the hospital he has experienced continuous dizzy spells when arising and has a feeling of falling. He has frequent headaches of great severity and has been unable to sleep. He has been confined to home since the time of the accident. There is proof, also, of loss of hearing. The fact that there has been damage to the skull has been confirmed by X ray which shows a fracture. Mrs. Hunter sustained irregular transverse fractures of eight ribs on the left side with other resultant injuries. All of these injuries are claimed to have resulted from being knocked down by an automobile.
At the time of the accident Mr. Hunter had been employed by the same firm for thirty-five years. They had $4,000 in the bank which has been completely spent, and in addition there are bills due to various doctors for services rendered. According to the plaintiffs they have no source of income at the present time and the doctors state that Mr. Hunter will be unable to *25 earn a livelihood. No medical affidavit is submitted in opposition to this motion. The argument is made that because they have not yet applied for relief a preference should not be granted.
The court is convinced that sufficient facts have been set forth to show complete or near complete destitution without any hope of livelihood, all as a result of this accident. Consequently, the motion for preference pursuant to rule 151 of the Rules of Civil Practice and subdivision (a) of rule 9 of the Kings County Supreme Court Rules is granted and this case is set down upon the calendar for the 14th day of December, 1955, for trial.